**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERT PETRIE, | : |
|        Petitioner, | : Civil Action No. 09-6291 (RBK) |
|        v. | : **O P I N I O N** |
| WARDEN PAUL SCHULTZ, | : |
|        Respondent. | : |

**APPEARANCES:**

Robert Petrie, Pro Se
#35434-066
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

Elizabeth Ann Pascal, Esq.
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**KUGLER, District Judge**

This matter comes before the Court upon the application of Petitioner Robert Petrie, executed pursuant to 28 U.S.C. § 2241 ("Petition") (docket entry 1). Respondent duly filed an answer ("Answer"), (docket entry 9), and Petitioner filed a Response (docket entry 10). The Court has reviewed all submissions. For the following reasons, the petition will be denied.

## BACKGROUND

On January 5, 2001, Petitioner was sentenced in the United States District Court for the Northern District of Florida to a 188-month term of imprisonment, with three years of supervision to follow, for Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956. His current projected release date is May 11, 2014, assuming he receives all good conduct time available.

The sole issue presented in the petition is a straightforward matter of statutory construction of a provision of the Second Chance Act of 2007 at 42 U.S.C. § 17541(g). Petitioner, an inmate confined at the F.C.I. Fairton (and who, at the time he filed the petition, was 68 years old), challenges the interpretation of the Elderly Offender Home Detention Pilot Program ("Pilot Program") by the Bureau of Prisons ("BOP"), asserting that, under the Pilot Program, he should have been released into home confinement.

## DISCUSSION

Petitioner claims that the BOP is incorrectly interpreting and applying 42 U.S.C. § 17541 in relation to eligibility requirements that inmates must satisfy to participate in the Pilot Program, which is part of the Second Chance Act of 2007.

As part of the Second Chance Act of 2007, Congress directed the Attorney General, in coordination with the Director of the BOP, to institute the Pilot Program "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention" until their term of confinement has expired.[1]  See 42 U.S.C. § 17541(g)(1)(A).

For purposes of the Pilot Program, an "eligible elderly offender" is defined as an offender who is at least 65 years of age (and is serving a term of imprisonment that is not life imprisonment based on conviction for an offense that does not include any crime of violence, sex offense, or other offenses enumerated in the statute) and who has served the greater of 10 years or 75% of the term of imprisonment imposed at sentencing.  See 42 U.S.C. § 17541(g)(5)(A)(i)-(iii).[2]

---

[1] The Attorney General was to conduct the Pilot Program in fiscal years 2009 and 2010 at one or more BOP facilities designated by him as appropriate for the program.  See 42 U.S.C. § 17541(g)(3).  Because of the experimental nature of the Pilot Program, the Attorney General was to monitor each "eligible elderly offender" placed on home detention under the program and to report to Congress at the end of fiscal year 2010 on the success of the program.  See 42 U.S.C. § 17541(g)(4).

[2] In addition to the restrictions based on the nature of the inmate's criminal history, there are also other requirements that relate to the inmate's adjustment while incarcerated.  Some of these requirements require specific judgments and findings by the BOP with regard to a particular inmate.  Thus, in addition to the elements enumerated in the preceding paragraph, in order to qualify, the inmate: (1) must not have been determined by the BOP to have a history of violence or of sex offenses or the other

The BOP's Operations Memorandum, which provides guidance to BOP staff in interpreting and applying § 17541 and in administering the Pilot Program, states, consistently with the language of § 17541, that "[e]ligibility to participate requires the inmate to have 'served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced.'"  The Operations Memorandum explains that "[s]taff must first determine whether the inmate has served 10 years or more of the term in effect.... If the inmate has not served at least 10 years of the term in effect, s/he is not eligible to participate.... If the inmate has served 10 years or more of the term in effect, staff next determine whether the inmate has served 75% of the term in effect.... If the inmate has served at least 10 years, but not 75%, of the term in effect, s/he is ineligible to participate."  See 42 U.S.C. § 17541(g)(5)(A)(ii).

---

offenses described in the statute (the BOP is empowered by the statute to make this determination "on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau," see 42 U.S.C. § 17541(g)(5)(A)(iv)); (2) must not have escaped or attempted to escape from a BOP institution; (3) and with respect to whom the BOP has determined that release to home detention will result in a substantial net reduction of costs to the federal government; and (4) who has been determined by the BOP to be at no substantial risk of engaging in criminal conduct or of endangering any person if released.  These aspects were not raised in the petition, answer or response, and this Court presumes that they are not relevant to Petitioner's case.

On August 9, 2009, BOP staff reviewed Petitioner, who was 68 years old at the time this petition was filed, for Pilot Program eligibility. At that time, BOP staff mistakenly believed that Petitioner would be eligible for the Pilot Program. Subsequently there was a staffing change, and when Petrie filed an informal resolution form requesting entry into the Program, he was advised that he was ineligible. BOP staff then determined that he did not meet the eligibility criteria for participation because, although he had met the age requirement, he did not serve the <u>greater of</u> 10 years, <u>or</u> more than 75% of his term of imprisonment. In February of 2010, the BOP staff again reviewed Petitioner's eligibility for the Pilot Program, and determined that Petitioner was ineligible because he had not served the greater of ten years or 75% of his sentence because he had only served 112 months of his 188-month sentence, which was neither 10 years nor 75% of his sentence.

Petitioner now argues that the BOP incorrectly interpreted and applied § 17541 in determining the amount of time he must serve on his sentence in order to be eligible for the Pilot Program since, according to Petitioner, the statutory intent of the eligibility language of § 17541 is for an inmate to serve "either" 10 years "or" 75% of his sentence in order to be eligible for participation in the Pilot Program. Additionally,

Petitioner argues that good conduct time should be included in calculating the "term of imprisonment" under the statute.

The Court's statutory construction is complete upon identifying plain statutory language expressing congressional intent:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

<u>Chevron U.S.A Inc. v. Nat'l Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984) (footnotes omitted); <u>see</u> <u>also</u> <u>Parker v. Conway</u>, 581 F.3d 198, 204 (3d Cir. 2009) (a court must interpret a statute "by looking at the language of the [statute].... When [the court] find [s] the terms of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances'") (quoting <u>Rubin v. United States</u>, 449 U.S. 424, 429-30 (1981)) (alteration in original).

Petitioner's position regarding § 17541 is inconsistent with the plain, unambiguous language of the statute.  Section 17541(g)(5)(A)(ii) specifically provides that an "eligible elderly offender" must have "served the greater of 10 years or 75

6

percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5)(A)(ii) (emphasis supplied). Thus, the statute is unambiguous with regard to the amount of time an inmate must serve in order to become eligible for the pilot program: 10 years or 75% of his/her sentence, whichever is the greater length of time.[3] While Petitioner elects to limit his focus to the word "or" in this part of the statute, his position is unavailing since he omits to recognize that the phrase "the greater of" serves as an express modifier of the following conjunction "or."

Here, the BOP's interpretation of § 17541 is consistent with the plain language of the statute. Therefore, BOP staff correctly determined that Petitioner did not qualify for the Pilot Program because, after having served 112 months, he had served neither 10 years of his 188-month sentence, nor 75% of his sentence. See United States v. Moore, 2009 WL 2970464 at *2 (M.D. Ala. Sep. 11, 2009) (petitioner cannot be allowed to participate in Pilot Program because petitioner had served only

---

[3] Moreover, even if the statutory language could, somehow, be deemed "ambiguous," the BOP's interpretation of the statute, as reflected in the BOP's Operations Memorandum, shall not be disturbed by this Court since the BOP's reading of § 17541(g)(5)(A)(ii) is facially not unreasonable. See Chevron, 467 U.S. at 843; Fujitsu Gen. Ltd. v. United States, 88 F.3d 1034, 1038 (Fed. Cir. 1996); see also Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed. Cir. 1994) (holding that "a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another").

15 years of a 30-year sentence, which was not the greater of 10 years or 75% of his sentence); see also Knight v. Jett, 2010 WL 4052182 (D. Minn. Sept. 13, 2010) (same, with regard to the inmate serving 292-month term); Willis v. Keller, 2010 WL 3022692 (M.D. Ala. July 7, 2010) (same, with regard to the inmate serving 360-month term); Mathison v. Davis, 2010 WL 1769750 (D. Colo. May 3, 2010) (same, with regard to the inmate serving 235-month term).

Furthermore, at least one circuit court has also held that for the purposes of calculating the inmate's eligibility under the 75% requirement, the BOP shall not factor in good conduct time credits. See Mathison v. Davis, 2010 WL 3965906 (10th Cir. Oct. 12, 2010)(slip copy). The Tenth Circuit in Mathison, analyzed the BOP's construction of the language "term of imprisonment" to determine if Petitioner's argument that "term of imprisonment" meant "net term after deducting good conduct credits" and held that:

> Here, I agree with Respondent that in the context of 42 U.S.C. § 17541, the phrase "term of imprisonment to which the offender was sentenced" unambiguously refer[s] to the term of the sentence imposed by the sentencing court, and does not include consideration of good time conduct in determining an inmates's eligibility for participation in the pilot program. Although the phrase "term of imprisonment" has been found to have an inconsistent meaning within 18 U.S.C. § 3624, its meaning within 42 U.S.C. § 17541 is clear. I note that , unlike 18 U.S.C. § 3624, in 42 U.S.C. § 17541 the phrase "term of imprisonment" is further modified by the phrase "to which an offender was sentenced." As the district court observed in

8

> Mangiardi, good conduct credits are not part of the term imposed by the sentencing court, they are deducted from an inmate's statutory release date to establish a projected good conduct time release date.

Id. at *3 (citing Mangiardi v. Federal Bureau of Prisons, 2009 WL 4544747 at *6 (M.D. Pa. Nov. 30, 2009)(holding that the phrase "term of imprisonment to which the offender was sentenced" unambiguously refers to the term of imprisonment imposed by the sentencing court, without consideration of good conduct time)).

This Court agrees with the Mangiardi and Mathison holdings. Accordingly, the Petition should be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's § 2241 application will be denied. An appropriate Order accompanies this Opinion.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: January 3, 2011